IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEMARIO DONTEZ WALKER, #L1625** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO.   5:08-cv-221-DCB-MTP**

**REGINALD L. JACKSON, LASHUNDRA GRAYSON,**
**WILLIE DAVIS and WILKINSON COUNTY BOARD**
**OF SUPERVISORS** **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Walker, an inmate currently incarcerated in the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983, requesting injunctive relief and monetary damages.  The named defendants are Reginald L. Jackson, Sheriff of Wilkinson County, Mississippi;  Lashundra Grayson;  Willie Davis;  and the Wilkinson County Board of Supervisors.

The Plaintiff states that he was arrested on December 27, 2008, and incarcerated in the Wilkinson County Jail, wherein the conditions of his confinement violated his constitutional rights.[1]  Specifically, Plaintiff asserts that he has been denied adequate medical care, outside recreation, access to a law library, and adequate food.  *Comp.* [1], p.4.  Plaintiff further claims that the defendant's failed to protect him from harm and failed to implement policies and procedures concerning the conditions of confinement in the Wilkinson County Jail.

---

[1] Pursuant to Plaintiff's complaint in civil action number 5:08-cv-147-DCB-MTP, he was incarcerated in the Wilkinson County Jail from December 27, 2008, until January 11, 2008.

Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions of the Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his complaint is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915.

If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted.  *Wilson v. Lynaugh*, 878 F.2d 846,

850 (5th Cir.1989). The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). As stated above, the PLRA provides that "the court shall dismiss the case at any time" if the court determines that it is frivolous or malicious. Title 28 U.S.C. § 1915(e)(2)(B)(i).

The allegations of this complaint concern the Plaintiff's incarceration in the Wilkinson County Jail from December 2007 until January 2008. The Plaintiff is currently litigating a § 1983 suit in this Court, civil action number 5:08-cv-147-DCB-MTP, concerning the conditions of his confinement during this same time period in the Wilkinson County Jail. The claims in Plaintiff's pending case and the claims asserted in this cause are substantively identical and clearly arise from the same set of facts - his recent incarceration in the Wilkinson County Jail. The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Therefore, this Court concludes that the allegations asserted in this complaint are malicious and shall be dismissed.

## Conclusion

As discussed above, the Plaintiff's allegations are malicious and will be dismissed pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(i). This case is dismissed without prejudice to the Plaintiff's prosecution of his duplicative pending suit, civil action number 5:08-cv-147-DCB-MTP, and otherwise with prejudice. Since this case is dismissed pursuant to the above

mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS, the ___14th___ day of July, 2008.

                                            ___s/ David Bramlette___
                                            UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."